**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:      Lashundia Denise Reed, Debtor                    Case No. 25-01065-JAW
                                                                                          **CHAPTER 13**

### NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse501 E. Court Street Suite 2.300 Jackson, MS 39201 on or before July 14, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on July 21, 2025 at 10:00 AM in the Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, MS 39201, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: April 30, 2025                                      /s/ Thomas C. Rollins, Jr.
                                                                        *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Lashundia Denise Reed** |
| | Full Name (First, Middle, Last) |
| Debtor 2 (Spouse, if filing) | |
| | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance 12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$516.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **USDA FSIS**
> **258 Marquette Ave**
> **Minneapolis MN 55401-0000**

APPENDIX D                                      Chapter 13 Plan                                      Page 1

Debtor **Lashundia Denise Reed**     Case number _____

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3**    **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1**    **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2**    **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Family Choice Financia | Household Goods |
| World Finance | Household Goods |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

Debtor **Lashundia Denise Reed** Case number

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

☑ No look fee: __4,000.00__

Total attorney fee charged: $**4,000.00**

Attorney fee previously paid: $**272.00**

Attorney fee to be paid in plan per confirmation order: $**3,728.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ Internal Revenue Service **$12,382.01** .
☐ Mississippi Dept. of Revenue **$0.00** .
☐ Other _____ **$0.00** .

**4.5 Domestic support obligations.**

☑ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Part 5: **Treatment of Nonpriority Unsecured Claims**

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐ The sum of $
☑ __100.00__ % of the total amount of these claims, an estimated payment of $__44,261.24__
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ None. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

Part 6: **Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ Assumed items. Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

**Mississippi Chapter 13 Plan** Page 3

Debtor **Lashundia Denise Reed** Case number _____

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage |
|---|---|---|---|---|
| **Westlake Portfolio** | **2017 Chevy Malibu lease** | $529.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | if any exists, to be paid direct by debtor |

*Insert additional contracts or leases as needed.*

### Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.

### Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**
 **Debtor to pay direct pursuant to contract in place with student loan provider.**

### Part 9: Signatures:

9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X **/s/ Lashundia Denise Reed**
**Lashundia Denise Reed**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on **April 24, 2025**

Executed on _____

**305 Mead St**
Address
**Forest MS 39074-0000**
City, State, and Zip Code

Address
_____
City, State, and Zip Code

Telephone Number

Telephone Number

X **/s/ Thomas C. Rollins, Jr.**
**Thomas C. Rollins, Jr. 103469**
Signature of Attorney for Debtor(s)
**P.O. Box 13767**
**Jackson, MS 39236**
Address, City, State, and Zip Code
**601-500-5533**
Telephone Number
**trollins@therollinsfirm.com**
Email Address

Date **April 24, 2025**

**103469 MS**
MS Bar Number

**Mississippi Chapter 13 Plan** Page 4

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: April 30, 2025                                   /s/ Thomas C. Rollins, Jr.
                                                                      *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>LASHUNDIA DENISE REED | CASE NO: 25-01065<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 4/30/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/30/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br>LASHUNDIA DENISE REED | CASE NO: 25-01065<br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br>Chapter: 13 |

On 4/30/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/30/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| CASE INFO | ~~EXCLUDE~~ | |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-01065<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>WED APR 30 8-46-58 PST 2025 | ~~US BANKRUPTCY COURT~~<br>~~THAD COCHRAN US COURTHOUSE~~<br>~~501 E COURT STREET~~<br>~~SUITE 2300~~<br>~~JACKSON  MS 39201-5036~~ | ADVANCE AMERICA<br>1303 HWY 35 SOUTH<br>STE 1<br>FOREST  MS 39074-5028 |

| | | |
|---|---|---|
| BMG MONEY<br>ATTN BANKRUPTCY<br>444 BRICKELL AVE<br>SUITE 250<br>MIAMI  FL 33131-2404 | BUFFALO LAKE<br>PO BOX 254<br>FORT THOMPSON  SD 57339-0254 | CKS PRIME INVESTMENTS<br>1800 ROUTE 34<br>STE 305<br>LITTLE SILVER  NJ 07739 |
| CHIME<br>ATTN BANKRUPTCY<br>PO BOX 417<br>SAN FRANCISCO  CA 94104-0417 | COMENITY BANK<br>ATTN BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS  OH 43218-2125 | CREDIT COLLECTION<br>ATTN BANKRUPTCY<br>725 CANTON ST<br>NORWOOD  MA 02062-2679 |
| CREDIT ONE BANK<br>PO BOX 98873<br>LAS VEGAS  NV 89193-8873 | DEBT RECOVERY SOLUTION<br>ATTN BANKRUPTCY<br>6800 JERICHO TURNPIKE<br>STE 113E<br>SYOSSET  NY 11791-4401 | (P)FAMILY CHOICE FINANCIAL<br>3208 SERVICE DRIVE<br>SUITE E<br>PEARL MS 39208-3539 |
| INTERNAL REVENUE SERVI<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA  PA 19101-7346 | INTERNAL REVENUE SERVI<br>CO US ATTORNEY<br>501 EAST COURT ST<br>STE 4430<br>JACKSON  MS 39201-5025 | KANSAS COUNSELORS<br>ATTN BANKRUPTCY<br>PO BOX 14765<br>SHAWNEE MISSION  KS 66285-4765 |
| (P)KASHABLE LLC<br>PO BOX 4287<br>NEW YORK NY 10163-4287 | LVNV FUNDING  LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE  SC 29603-0587 | LVNV FUNDING<br>ATTN BANKRUPTCY<br>PO BOX 10497<br>GREENVILLE  SC 29603-0497 |
| MIDNIGHT VELVET<br>ATTN BANKRUPTCY<br>1112 7TH AVENUE<br>MONROE  WI 53566-1364 | (P)NATIONAL CREDIT SYSTEMS<br>ATTN BANKRUPTCY<br>PO BOX 672288<br>MARIETTA GA 30006-0039 | NAVIENT<br>ATTN  BANKRUPTCY<br>PO BOX 9635<br>WILKES BARRE  PA 18773-9635 |
| ONE BLINC LOANS<br>ATTN BANKRUPTCY<br>225 E DANIA BCH BLVD<br>DANIA BEACH  FL 33004-3046 | ONEMAIN FINANCIAL<br>ATTN BANKRUPTCY<br>PO BOX 142<br>EVANSVILLE  IN 47701-0142 | (P)POSSIBLE FINANCIAL INC<br>PO BOX 98686<br>LAS VEGAS NV 89193-8686 |
| REFLEX CREDIT CARD<br>126 GRAND ST<br>4TH FLOOR<br>NEW YORK  NY 10013 | RIVER OAKS HOSPITAL  LLC DBA MERIT<br>HEALTH RI<br>CO DAVID L MENDELSON<br>MENDELSON LAW FIRM<br>PO BOX 17235<br>MEMPHIS  TN 38187-0235 | SAFRA NBNY<br>21500 BISCAYNE BLVD<br>AVENTURA  FL 33180-1260 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| SMITH ROUCHON<br>1456 ELLIS AVE<br>JACKSON MS 39204-2204 | STATEWIDE FCU<br>ATTN BANKRUPTCY<br>PO BOX 320483<br>FLOWOOD MS 39232-0483 | US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON DC 20530-0001 |
| UNITED CREDIT<br>234A N WOODLAND DR<br>FOREST MS 39074-3308 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE~~<br>~~501 EAST COURT STREET~~<br>~~SUITE 6-430~~<br>~~JACKSON MS 39201-5022~~ | (P)VELOCITY PORTFOLIO GROUP INC<br>1800 RT 34 NORTH<br>BLDG 3 SUITE 305<br>WALL NJ 07719-9146 |
| VERIZON WIRELESS<br>ATTN BANKRUPTCY<br>500 TECHNOLOGY DR<br>STE 599<br>WELDON SPRINGS MO 63304-2225 | WESTLAKE PORTFOLIO<br>ATTN BANKRUPTCY<br>PO BOX 76809<br>LOS ANGELES CA 90076-0809 | WORLD FINANCE<br>ATTN BANKRUPTCY<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 |
| DEBTOR<br>LASHUNDIA DENISE REED<br>305 MEAD ST<br>FOREST MS 39074-3719 | ~~EXCLUDE~~<br>~~THOMAS CARL ROLLINS JR~~<br>~~THE ROLLINS LAW FIRM PLLC~~<br>~~PO BOX 13767~~<br>~~JACKSON MS 39236-3767~~ | ~~EXCLUDE~~<br>~~TORRI PARKER MARTIN~~<br>~~TORRI PARKER MARTIN CHAPTER 13~~<br>~~BANKRUPT~~<br>~~200 NORTH CONGRESS STREET STE 400~~<br>~~JACKSON MS 39201-1902~~ |